UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 14-61385-CIV-COHN/SELTZER

LYLE GLUCK,

    Plaintiff,

vs.

JOHN HOSPODAVIS, etc., et al.,

    Defendants.

_____/

**ORDER GRANTING DEFENDANT CITY OF FORT LAUDERDALE'S
MOTION TO DISMISS COUNTS IV AND VI OF PLAINTIFF'S COMPLAINT [DE 15]
AND GRANTING PLAINTIFF'S UNOPPOSED MOTION FOR EXTENSION OF TIME
FOR THE AMENDMENT OF PLEADINGS [DE 19]**

**THIS CAUSE** is before the Court upon the following:

1.     Defendant City of Fort Lauderdale's Motion to Dismiss Counts IV and VI of Plaintiff's Complaint [DE 15] ("Motion to Dismiss"), Plaintiff's Response [DE 17], and Defendant's Reply [DE 18].

2.     Plaintiff, Lyle Gluck's, Unopposed Motion for Extension of Time for the Amendment of Pleadings [DE 19] ("Extension Motion").

The Court has considered the parties' motion papers and the relevant portions of the case file, and is otherwise advised in the premises. The Court will grant Defendant's Motion to Dismiss without prejudice and will grant Plaintiff's Extension Motion such that Plaintiff may move to amend his Complaint [DE 1] at the appropriate time.

Plaintiff's suit stems from his allegedly illegal arrest. [DE 1 at 2–7.] In Counts I, II, III, V, VII, and VIII—which are not at issue in the instant Motion to Dismiss—Plaintiff sues the arresting officer. [Id. at 7–13, 15–17.] In Counts IV and VI, however, Plaintiff

sues the City of Fort Lauderdale. [Id. at 11–12, 13–15.] Plaintiff claims False Arrest, False Imprisonment, Battery, and Excessive Force against the city. [Id.]

Defendant City of Fort Lauderdale has moved to dismiss these claims. Fort Lauderdale asks the Court to dismiss these claims without prejudice for Plaintiff's failure to comply with the notice requirements set forth in Florida Statute § 768.28(6). [DE 15 at 2–3.] Defendant concedes that he has not complied with Section 768.28(6). [DE 17 at 2.] However, Plaintiff asks the Court to abate his claims, rather than dismiss them without prejudice. [Id. at 3.]

Florida Statute § 768.28(6) requires that those suing certain state entities provide that entity with pre-suit notice and an opportunity to pay the claim. Plaintiff does not dispute that Section 768.28(6) covers Defendant City of Fort Lauderdale. Florida Statute § 768.28(6)(a) states that, subject to certain exceptions not relevant here—

> An action may not be instituted on a claim against the state or one of its agencies or subdivisions unless the claimant presents the claim in writing to the appropriate agency, and also, except as to any claim against a municipality or the Florida Space Authority, presents such claim in writing to the Department of Financial Services, within 3 years after such claim accrues and the Department of Financial Services or the appropriate agency denies the claim in writing . . . .

If an agency (or, in this case, the city) does not respond to the claimant's notice, the claim is deemed denied after six months have passed. Fla. Stat. § 768.28(6)(d). Accordingly, Section 768.28(6)(d) "essentially requires a claimant to wait six months from the date of notice prior to commencing a tort action against a Florida state entity." Rumler v. Dept. of Corrections, 546 F. Supp. 2d 1334, 1344 (M.D. Fla. 2008). Compliance with this statute and receipt of a written denial of claim "are conditions precedent to maintaining an action." Fla. Stat. § 768.28(6)(b).

Both Florida and federal courts have recognized that dismissal without prejudice is appropriate for claims that run afoul of this statute.  "Satisfaction of the Florida notice requirements is a condition precedent to maintaining a lawsuit, and the complaint must contain an allegation that such notice was given."  Diversified Numismatics, Inc. v. City of Orlando, 783 F. Supp. 1337, 1347 (M.D. Fla. 1990) (citing Commercial Carrier Corp. v. Indian River County, 371 So. 2d 1010, 1010–23 (Fla. 1979)).  "A complaint that is brought without first providing statutory notice must be dismissed with leave for plaintiff to amend his complaint to allege compliance with the notice requirement."  Id.  Plaintiff cites no case in which a court has abated a suit to allow a plaintiff time to comply with Florida Statute § 768.28(6), and this Court's own research has produced none.

Further, in an apparent effort to comply with the statue, Plaintiff's Complaint alleges that "[p]ursuant to § 768.28 of the Florida Statutes, Plaintiff has served notice of claim upon Defendant City of Fort Lauderdale, a Florida Municipal corporation, by serving the Hon. John P. "Jack" Seiler, as Mayor."  [DE 1 at ¶3.]  However, this is insufficient to establish that Plaintiff complied with the statute because it does not state when Plaintiff provided the notice.

Accordingly, the Court will grant Defendant's motion to dismiss Counts IV and VI of the Complaint, without prejudice.  Plaintiff has moved for an extension of the time allowed to amend his Complaint, so that he may file an amended complaint once his claims against the City of Fort Lauderdale mature.  The Court will grant this motion to the extent that Plaintiff may move for leave to amend his Complaint at that time.

It is therefore **ORDERED AND ADJUDGED** as follows:

1. Defendant City of Fort Lauderdale's Motion to Dismiss Counts IV and VI of Plaintiff's Complaint [DE 15] is **GRANTED**. Counts IV and VI of Plaintiff's Complaint [DE 1] are **DISMISSED without prejudice**.

2. Plaintiff, Lyle Gluck's, Unopposed Motion for Extension of Time for the Amendment of Pleadings [DE 19] is **GRANTED** to the extent that Plaintiff may move to amend his Complaint on or before **November 18, 2014**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 18th day of September, 2014.

*[signature]*
JAMES I. COHN
United States District Judge

Copies provided to counsel of record via CM/ECF.